IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.

STEPHEN K. MEALS, NANCY P. GRAUER,
SUPERIOR CHOICE CREDIT UNION,
MIDLAND FUNDING, LLC, and
DEERE & COMPANY,

                Defendants.

OPINION & ORDER

16-cv-750-jdp

---

The United States of America filed this case seeking to foreclose on a farm owned by defendants Stephen K. Meals and Nancy P. Grauer. The government and defendant Superior Choice Credit Union stipulated that any proceeds from the sale of the property should be paid first to satisfy Superior Choice's superior lien interest. The remaining defendants defaulted. On February 28, 2017, the court granted the government's motion for judgment on the pleadings and default judgment, concluded that Superior Choice was entitled to recover $34,935.61 from the sale, and entered judgment in the amount of $125,967.68 in the government's favor. Dkt. 25. Now, the government and Superior Choice jointly move to vacate that judgment under Federal Rule of Civil Procedure 60(b)(5) or (6) and dismiss the complaint without prejudice under Rule 41(a)(2). Dkt. 29. They represent that they have reached a resolution with Meals and Grauer and no longer wish to pursue the foreclosure action.

"Rule 60(b) 'is to be used to disturb the finality of judgments only on narrow grounds and upon a showing of exceptional circumstances.'" *McNeela v. United Airlines, Inc.*, 17 F. App'x 407, 409 (7th Cir. 2001) (quoting *Smith v. Widman Trucking & Excavating Inc.*, 627

F.2d 792, 795 (7th Cir. 1980)). The government and Superior Choice do not represent that the judgment has been fully satisfied, released, or discharged, so vacatur under Rule 60(b)(5) would be inappropriate. The court may vacate the judgment under Rule 60(b)(6) for "any other reason that justifies relief." Here, Meals and Grauer's creditors no longer wish to pursue foreclosure, and Meals and Grauer would presumably prefer not to have a judgment of foreclosure hanging over their heads. Given the procedural history of this case, the court finds that relief under Rule 60(b) is justified and dismissal without prejudice under Rule 41(a)(2) is proper.

ORDER

IT IS ORDERED that:

1. Plaintiff United States of America and defendant Superior Choice Credit Union's motion to vacate judgment and dismiss the complaint, Dkt. 29, is GRANTED.

2. The judgment is vacated, and the case is dismissed without prejudice.

Entered June 14, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge